R# 559400

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JOSEPH SCHOENITH,

     Plaintiff

-vs-

Case: 2:07-cv-12828
Assigned To: Tarnow, Arthur J
Referral Judge: Whalen, R. Steven
Filed: 07-06-2007 At 03:54 PM
CMP SCHOENITH V GMAC CORP (RRH)

GMAC MORTGAGE CORPORATION,

     Defendant.

---

Adam G. Taub (P48703)
Attorney for Plaintiff
Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern #206
Southfield, MI  48075
PHONE: (248) 746-3790
adamlaw@pop.net

---

## COMPLAINT & JURY DEMAND

### INTRODUCTION

1.    The United States credit industry is rapidly moving towards replacing cash with a credit and debit card system which would electronically transact our financial affairs and track our every move.  Smart cards, the financial information superhighway and complete absence of privacy appear to be in our future.

1

2.      The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* is designed to **protect consumers** from inaccurate or arbitrary information in a consumer report and to **establish credit reporting practices** that utilize accurate, relevant, and current information in a confidential and responsible manner.

3.      The Fair Credit Reporting Act ("FCRA") sets forth duties and causes of action against furnishers and users of credit information. 15 U.S.C. §§ 1681n, 1681o, 1681s-2. Creditors who subscribe to the credit reporting agencies, like other furnishers and users of credit information, have a duty under the FCRA to update and correct information."

4.      The FCRA prohibits any furnisher-subscriber from furnishing information relating to a consumer to a credit reporting agency if the, "person knows or consciously avoids knowing that the information is inaccurate." 15 USC §1681s-2[1][A]. Moreover, once a subscriber has been notified that specific information is inaccurate and the information, in fact, turns out to be inaccurate, that information must be deleted and suppressed and cannot continue to be furnished. If the furnisher-subscriber determines that information it has reported is inaccurate or incomplete, the furnisher has a duty to notify, retract, and correct it's prior reportings to all agencies to whom it subscribes and to correct it's own internal records.

5.      The furnisher-subscriber is prohibited from re-reporting the false information. 15 U.S.C. § 1681s-2[a][3]. Furnishers who are notified by the credit reporting agencies have a duty to conduct an investigation within a reasonable time with respect to the disputed data; review the information provided; report the results back to the agencies; and if the data is inaccurate, report the results to all agencies to whom they subscribe and correct their internal records. 15 U.S.C. § 1681i; 15 U.S.C. § 1681s-2. Any dispute must be reported forward as a

'disputed matter' until resolved and either deleted, amended or left intact.

6.     The FCRA expressly provides consumers with a private cause of action; violations of 15 U.S.C. § 1681s-2 are enforceable and actionable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is willful or merely negligent.

## Parties

1.     Joseph Schoenith, resides in Grosse Pointe Woods, Michigan.

2.     Joseph Schoenith is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq ("FCRA") at §1681a(c).

3.     The Defendant to this action is GMAC Mortgage Corporation ("GMAC Mortgage"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Jurisdiction

4.     This lawsuit, being brought pursuant to 15 U.S.C. 1681 et seq, presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 et seq.

5.     This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

6.     All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Mr. Schoenith.

## General Factual Allegations

7.   On August 14, 2003, Plaintiff sued the Defendant in Wayne County Circuit Court, Case No.
     03-327193-CK in an effort to enforce a mortgage ("current mortgage") that the Defendant
     refused to honor.

8.   The previous lawsuit between the parties was resolved and dismissed in Wayne County
     Circuit Court, Case No. 03-327193-CK.

9.   Since the time of the dismissal, the parties have been abiding by the terms of the current
     mortgage agreement which GMAC Mortgage initially did not honor.

10.  GMAC Mortgage reported and continues to report to the various credit bureaus
     delinquencies in payment on Account # 652835190, the previous mortgage note, which
     GMAC Mortgage held and which was, according to the refinance agreement, paid off by
     GMAC Mortgage on or about June 19, 2003.

11.  As of June 19, 2003, GMAC Mortgage has been on notice that the delinquencies it reported
     and continues to report on the credit history of the Plaintiff regarding Account # 652835190
     are due solely to its own mistakes and are not the responsibility of the Plaintiff.

12.  Any delinquencies reported by GMAC Mortgage after June 19, 2003, as to Account #
     652835190 are false.

13.  On April 4, 2006, counsel for Plaintiff sent a reinvestigation letter to at least one credit
     reporting agency requesting that the credit bureau reinvestigate, *inter alia*, GMAC
     Mortgage's Account # 652835190 and correct it.

14.  At least one credit reporting agency transmitted the reinvestigation request to GMAC
     Mortgage, which, instead of doing a reasonable reinvestigation, verified the false information

4

and failed to properly reinvestigate.

15. Since GMAC Mortgage's failure to properly reinvestigate the false information, Plaintiff has been denied credit as a result of the false information verified by GMAC

## COUNT I – Fair Credit Reporting Act (GMAC Mortgage)

16. Mr. Schoenith incorporates the preceding allegations by reference.

17. GMAC Mortgage was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff's counsel by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

18. In the event that GMAC Mortgage was unable to verify the information which it had reported, GMAC Mortgage was required to advise the credit reporting agency of this fact.

19. Following the reinvestigation, GMAC Mortgage reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

20. Following the reinvestigation, GMAC Mortgage reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

21. Following the reinvestigation and dispatch of notice directly to GMAC Mortgage at its designated address, GMAC Mortgage reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(B).

22. Following the reinvestigation and dispatch of direct notice to GMAC Mortgage, GMAC Mortgage failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

23. GMAC Mortgage failed to notify the consumer reporting agencies to whom it reported credit information of Mr. Schoenith's closure of the GMAC Mortgage's account within the same billing period in which the account was closed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(4).

24. GMAC Mortgage failed to notify the consumer reporting agencies to whom it reported credit information of the date of any delinquency, charge off, or collection placement within 90 days of the action, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(5).

25. GMAC Mortgage negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168io; alternatively GMAC Mortgage willfully refused to properly to put in place adequate procedures to reinvestigate the inaccuracies in Mr. Schoenith's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

26. GMAC Mortgage negligently failed to conduct a proper reinvestigation of Mr. Schoenith's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io; alternatively GMAC Mortgage willfully refused to properly reinvestigate the inaccuracies in Mr. Schoenith's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

27. Mr. Schoenith has suffered damages as a result of this violation of the FCRA.

## COUNT  II (GMAC Mortgage) – Intentional Infliction of Emotional Distress

28.    Mr.  Schoenith incorporates the preceding allegations by reference.

29.    GMAC Mortgage's conduct in appropriating the good name and credit of Mr.  Schoenith constituted extreme and outrageous conduct.

30.    GMAC Mortgage intentionally appropriated the good name and credit of Mr.  Schoenith , and did so with reckless disregard of the possible consequences to Mr.  Schoenith .

31.    GMAC Mortgage's conduct appropriating the good name and credit of Mr.  Schoenith directly and proximately caused emotional distress to Mr.  Schoenith .

## COUNT  III – Negligence (GMAC Mortgage)

32.    Mr.  Schoenith incorporates the preceding allegations by reference.

33.    GMAC Mortgage owed Mr.  Schoenith a duty to refrain from unreasonable conduct which could foreseeably cause damage to  Mr.  Schoenith's person or property.

34.    Mr.  Schoenith holds a property interest in his good name, credit worthiness, and reputation.

35.    GMAC  Mortgage's  publication  of  false  and  inaccurate  credit  information  on  Mr. Schoenith's credit report was unreasonable.

36.    Mr.  Schoenith has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by GMAC Mortgage.

## COUNT  IV– Negligence *Per Se* (GMAC Mortgage)

37.    Mr.  Schoenith incorporates the preceding allegations by reference.

38.    GMAC Mortgage's actions in publishing false and inaccurate credit information on Mr. Schoenith's credit report was in violation of express duties under the FCRA.

39.    Those unreasonable actions were *per se* unreasonable.

40.     Mr. Schoenith has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by GMAC Mortgage.

### COUNT V – Consumer Protection Act (GMAC Mortgage)

41.     Mr. Schoenith incorporates the preceding allegations by reference.

42.     The facts set forth in this complaint establish that GMAC Mortgage has violated the following provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1):

A.     (a) Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

B.     (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

C.     (n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

D.     (o) Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

E.     (u) Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

8

F.    (w) Representing that a consumer will receive a rebate, discount, or other benefit as an inducement for entering into a transaction, if the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

G.    (x) Taking advantage of the consumer's inability reasonably to protect his or her interests by reason of disability, illiteracy, or inability to understand the language of an agreement presented by the other party to the transaction who knows or reasonably should know of the consumer's inability.

H.    (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

43.   Mr. Schoenith has suffered damages as a result of these violations of the Michigan Consumer Protection Act by GMAC Mortgage.

## COUNT  VI – Defamation by Libel (GMAC Mortgage)

44.   Mr.  Schoenith incorporates the preceding allegations by reference.

45.   GMAC Mortgage's written publications of the trade lines on Mr.  Schoenith's credit report were false and defamatory.

46.   GMAC Mortgage's publications were not privileged communications.

47.   GMAC Mortgage's publications of the trade lines on Mr.  Schoenith's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

48.   The statements were *per se* defamatory.

49.   Mr.  Schoenith's has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

50.  Mr. Schoenith's has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT VII – Special Request for Declaratory and Injunctive Relief under Michigan Common Law (GMAC Mortgage)

51.  Mr. Schoenith incorporates the preceding allegations by reference.

52.  Mr. Schoenith requests that this Court issue an order enjoining the Defendant from continuing to harm Mr. Schoenith by reporting derogatory information as to Account # 652835190.

### Jury Demand

53.  Mr. Schoenith demands trial by jury.

### Request For Relief

*ACCORDINGLY Mr. Schoenith requests that the Court Grant any or all of the following relief:*

A.  *Actual damages in an amount to be determined at trial.*

B.  *Statutory damages in an amount to be determined at trial.*

C.  *Punitive damages in an amount to be determined at trial.*

D.  *Costs and attorney fees provided by statute.*

E.  *Declaratory and injunctive relief as appropriate.*

F.  *Any other relief the Court deems just.*

10

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By: _____

Adam G. Taub (P48703)
Attorney for Joseph Schoenith
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
Adamlaw@Pop.Net

Dated: July 6, 2007

11

JS 44 11/99

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: WAYNE

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

JOSEPH SCHOENITH

## DEFENDANTS

GMAC MORTGAGE CORPORATION

(b) County of Residence of First Listed     WAYNE

County of Residence of First Listed     WAYNE

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Adam G. Taub, Lyngklip & Taub Consumer Law Group
24500 Northwestern #206, Southfield, MI 48075
(248) 746-3790

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item 111)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity

Citizen of T

Citizen of A

Citizen or S
Foreign Country

Case: 2:07-cv-12828
Assigned To: Tarnow, Arthur J
Referral Judge: Whalen, R. Steven
Filed: 07-06-2007 At 03:54 PM
CMP SCHOENITH V GMAC CORP (RRH)

## IV. NATURE OF SUIT (Place an "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury- | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injry - | of Property 21: 881 | 28 USC 157 | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of | [ ] 320 Assault Libel | Product Lia Inty | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| Overpayment and | And Slander | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | |
| Enforcement of Judgment | | [ ] 368 Asbestos Personal | [ ] 650 Airline Regs. | | [ ] 470 Racketeer Influenced & |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product Liability | [ ] 660 Occupational | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | | Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | | | Exchange |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | | | 12 IISC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1 395ff) | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Product Liability | [ ] 720 Labor/Mgmt. | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | Injury | | Relations | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 740 Railway Labor Act | | [ ] 900 Appeal of Fee |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | | [ ] 870 Taxes (U.S. Plaintiff | Determination Under |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 790 Other Labor | or Defendant) | Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | Litigation | | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. | [ ] 871 IRS-Third Party | State Statutes |
| | | [ ] 550 Civil Rights | Security Act | 26 USC 7609 | [X] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify) Transferred from another district
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This lawsuit is filed pursuant to the FAIR CREDIT REPORTING ACT and other state law claims arising out of the same transaction

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S): IF ANY

(See instructions):

JUDGE   Isidore B Torres

DOCKET NUMBER   Wayne Co 03-327193

DATE

7-6-07

SIGNATURE OF ATTORNEY OF RECORD

# PURSUANT TO LOCAL RULE 83.11

ORIGINAL

1.   Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.   Other than stated above, are there any pending or previously
     discontinued or dismissed companion cases in this or any other
     court, including state court? (Companion cases are matters in which
     it appears substantially similar evidence will be offered or the same
     or related parties are present and the cases arise out of the same
     transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: 03- _____

Judge: _____

Notes :