UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JOSEPH SCHOENITH,

      Plaintiff,

V

GMAC MORTGAGE CORPORATION,

      Defendant.

Case No. 2:07-cv-12828

Hon. Denise Page Hood

Referral Judge: R. Steven Whalen

Adam G. Taub (P48703)
Adam G. Taub & Associates Consumer
 Law Group, PLC
Attorney for Joseph Schoenith

18930 W. Ten Mile Road, Suite 2500
Southfield, MI 48075
248-746-3790
adamgtaub@clgplc.net

Deanna Swisher (P38341)
Foster, Swift, Collins & Smith, P.C.
Attorneys for GMAC Mortgage
Corporation
313 S. Washington Square
Lansing, MI 48933
517-371-8136
dswisher@fosterswift.com

**DEFENDANT GMACM'S MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, JOINDER**

Defendant GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation, hereafter "GMACM"), through its counsel, Foster, Swift, Collins & Smith, P.C., requests that this action be dismissed pursuant to Fed. R. Civ. P. 12(c) and/or Fed. R. Civ. P. 56(a) for the reasons more fully stated in the *Corrected* Brief in Support of Defendant GMACM's Motion for Summary Judgment or, in the Alternative, Joinder ("Brief") filed herewith.  In the alternative, and for the reasons fully stated in said Brief, GMACM requests that Trans Union, LLC ("TransUnion") be joined as a Defendant pursuant to Fed. R. Civ. P. 19(a)(1) or, in the alternative, 20(a)(2).

In accord with Local Rule 7.1(a)(2)(A), counsel for GMACM hereby represents that she conferred with counsel for Plaintiff, on more than one occasion, addressing both the basis for her

request for dismissal and the addition of TransUnion as a Defendant, and did not obtain concurrence

in the relief sought.

FOSTER, SWIFT, COLLINS & SMITH, P.C.


Dated: July 10, 2008                    By:  /s/ Deanna Swisher
                                             Deanna Swisher (P38341)
                                        Foster, Swift, Collins & Smith, P.C.
                                        313 S. Washington Square
                                        Lansing, MI 48933
                                        517-371-8136
                                        dswisher@fosterswift.com

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JOSEPH SCHOENITH,

     Plaintiff,

V

GMAC MORTGAGE CORPORATION,

     Defendant.

Case No. 2:07-cv-12828

Hon. Denise Page Hood

Referral Judge: R. Steven Whalen

Adam G. Taub (P48703)
Adam G. Taub & Associates Consumer
 Law Group, PLC
Attorney for Joseph Schoenith

18930 W. Ten Mile Road, Suite 2500
Southfield, MI 48075
248-746-3790
adamgtaub@clgplc.net

Deanna Swisher (P38341)
Foster, Swift, Collins & Smith, P.C.
Attorneys for GMAC Mortgage
Corporation
313 S. Washington Square
Lansing, MI 48933
517-371-8136
dswisher@fosterswift.com

***CORRECTED* BRIEF IN SUPPORT OF DEFENDANT GMACM'S
MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, JOINDER**

***Oral argument requested***

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

## **TABLE OF CONTENTS**

ISSUES PRESENTED ............................................................................................................. 1

CONTROLLING AUTHORITIES ....................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

SUMMARY OF PLAINTIFF'S CLAIMS ........................................................................... 3

LEGAL ARGUMENT ............................................................................................................ 4

A.     Standards for Dismissal ............................................................................... 4

B.     Standards for Summary Judgment ............................................................. 5

C.     Standards for Joinder .................................................................................... 6

D.     Applicable Statute .......................................................................................... 7

E.     Discussion of Applicable Statute and Relevant Case Law ...................... 8

F.     Joinder of TransUnion .................................................................................. 15

CONCLUSION ....................................................................................................................... 16

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

Defendant GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation, hereafter "GMACM"), through its counsel, Foster, Swift, Collins & Smith, P.C., files this Brief in support of its Motion for Summary Judgment or, in the Alternative, Joinder, requesting that this action be dismissed pursuant to Fed. R. Civ. P. 12(c) and/or Fed. R. Civ. P. 56(a) or, in the alternative, that Trans Union LLC ("TransUnion") be joined as a defendant.

## ISSUES PRESENTED

1.     Should this action be dismissed where the Sixth Circuit has not found a private cause of action for a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. § 1681s-2(b)?

2.     Should this action be dismissed where Plaintiff Joseph Schoenith ("Plaintiff") cannot produce a request for reinvestigation from TransUnion to GMACM, and where applicable law requires a notice from TransUnion to GMACM to trigger a duty to investigate under 15 U.S.C.A. § 1681s-2(b)?

3.     Should this action be dismissed where Plaintiff has not provided any document or information that demonstrates that GMACM received a request to investigate the accuracy of 2002 payments and the documents disclosed by Plaintiff reflect that, after the alleged 2006 notice to reinvestigate, the only late payments reported by TransUnion are early 2002 payments?

4.     If this action is not dismissed, should TransUnion be joined as a defendant?

## CONTROLLING AUTHORITIES

*Downs v. Clayton Homes*, *Inc.*, 88 Fed.Appx. 851 (C.A.6 2004)

*Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496 (W.D. Tenn. 1999)

*Abdrabboh v. Capitol One Bank,* 2006 WL 3004084 (E.D.Mich 2006)

*Defer v. World Fin. Network Nat'l Bank*, 2007 WL 3026091 (E.D. Mich. 2007)

15 U.S.C.A. § 1681s-2(b)

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

**STATEMENT OF FACTS**

Plaintiff and his spouse Lori Schoenith ("the Schoeniths") received a loan from GMACM in the amount of $230,000.00 which was secured by a mortgage and identified by reference to Account # 652835190 ("original loan").  The original loan closed on January 9, 2002.  In August of 2003, the Schoeniths filed suit against GMACM in Wayne County Circuit Court claiming that the Schoeniths applied for refinancing in May of 2003 and had been promised a 5% interest rate, but GMACM was unwilling to honor that rate ("prior action").  A copy of the complaint filed in the prior action is attached as Exhibit A.  GMACM and the Schnoeniths resolved the prior action by closing on a refinance, at 5%, on April 5, 2004.  While it appears that the parties resolved the prior action without discovery, had they made inquiry the underlying facts are understood by GMACM as follows: the Schoeniths applied for, but had not "locked in" a rate when a loan processor erroneously sent documents at the 5% rate, which the Schoeniths simply signed and returned to GMACM; absent a lock in and an ordinary closing, the new loan was not processed, the original loan was not paid off in June of 2003, as would have occurred had the loan properly closed; the original loan went into default and foreclosure; and upon learning of the incomplete effort to refinance, GMACM stopped the foreclosure and made effort to prevent the reporting of the 2003 "delinquency" which motivated the foreclosure.  In any event, the prior action was dismissed by order of the Wayne County Circuit Court entered on June 16, 2004.  A copy of the dismissal order is attached as Exhibit B.

In 2004, Lori Schoenith complained to prior counsel, by letter dated November 9, 2004, Exhibit C, of a denial of credit referencing a "foreclosure."  By letter dated November 29, 2004 to Plaintiff, GMACM responded to his "inquiry" by confirming "we have made corrections to the following credit repository for July 2003 through April 2004."  Exhibit D.  Indeed, GMACM had issued a Universal Data Form on November 22, 2004, a copy of which is attached as Exhibit E, by

which it informed credit agencies to include TransUnion that, with regard to the original loan, there should be no reference to foreclosure, the account was paid as agreed, and the account was closed by the borrower.

On April 4, 2006, counsel for the Schoeniths issued correspondence to TransUnion stating that the Schoeniths dispute 5 items in "their trans-union (sic) credit report." Exhibit F.  With regard to GMACM, counsel's letter to TransUnion states: "Page 3 - GMAC Mortgage Acct.# 652835190. The delinquency alleged here was due to a computer error on the account of GMAC.  This matter was litigated and GMAC admitted its mistake."  While the April 4, 2006 letter references the "section of their credit report attached hereto," no such attachment was included in Plaintiff's disclosures and, as demonstrated by Bates numbers supplied by Plaintiff's counsel the next document disclosed is, instead, an April 10, 2006 letter to Lori Schoenith from TransUnion stating: "Based upon the information provided to TransUnion, our records show that the information disputed by the above-referenced consumer does not currently appear on his or her credit report."  Exhibit G.  By letter to Plaintiff dated April 27, 2006, TransUnion reported that its "Investigation Results" yielded "new information" from GMACM which appears "below" and the attached TransUnion report references only "2" late payments, that are "90+" days late, in the months of January and February 2002.  Exhibit H.

### SUMMARY OF PLAINTIFF'S CLAIMS

The Complaint filed by Plaintiff alleges that GMACM reported and continues to report false information on the credit history of the Plaintiff and specifically asserts that "[a]ny delinquencies reported by GMAC Mortgage *after June 19, 2003*, as to Account #652835190 are false."  Complaint, ¶ 12 (emphasis added).  The Complaint proceeds to allege that on April 4, 2006, counsel for Plaintiff sent a reinvestigation letter to a credit reporting agency requesting reinvestigation and correction

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

with regard to the referenced GMACM account.  At paragraph 14 of the Complaint, Plaintiff asserts:

"At least one credit reporting agency transmitted the reinvestigation request to [GMACM], which,

instead of doing a reasonable reinvestigation, verified the false information and failed to properly

reinvestigate."  Plaintiff claims that he has been denied credit as a result of GMACM's alleged

failure to properly reinvestigate "the false information" and as a result of "the false information

verified by [GMACM]." At Count I of the Complaint, Plaintiff purports to state a claim under 15

U.S.C. § 1681s-2(b) and "168io (sic) or, in the alternative, wilfully refused to properly reinvestigate

the alleged inaccuracies in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n."  Complaint, ¶ 26.  In

the Joint Status Report Prepared Under Rule 26(F), Plaintiff summarized his claim as: "[GMACM]

violated the FCRA by refusing (sic) reasonably reinvestigate and to remove an inaccurate trade-line

from the Plaintiff's Credit Report after the Plaintiff initiated a reinvestigation on April 6, 2006.  The

Defendant acted wilfully, having actual knowledge of the false information from a lawsuit

previously filed in state court."  As conveyed by Plaintiff's summary, fully quoted herein, and

consistent with informal communication with Plaintiff's counsel, GMACM understands that

Plaintiff's only claim in this matter is that GMACM violated 15 U.S.C.§ 1681s-2(b).[1]

## LEGAL ARGUMENT

### A.  <u>Standards for Dismissal</u>

Pursuant to Fed. R. Civ. P. 12(c), after the pleadings are closed a party may move for

judgment on the pleadings.  Upon status and scheduling orders under this matter, GMACM believes

that with the exception of a pleading adding TransUnion as a party, the pleadings in this matter are

---

[1] Should Plaintiff respond to the contrary, indicating that he instead intends to proceed with Counts III, IV, V, VI or VII, GMACM will seek summary relief with regard to those counts and Plaintiff's inability to causally connect GMACM's alleged violation with any denial of credit to Plaintiff.

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

closed.  A motion for judgment on the pleadings is appropriate where allegations of material fact are

not controverted in the pleadings and only questions of law remain to be decided by the court.

*James v. Upper Arlington School District*, 228 F.3d 764 (2000), *Cox v. Van Oosterum*, 987 F. Supp.

597 (D.C. Mich. 1997), aff'd 176 F.3d 342.  While GMACM denies many allegations stated in

Plaintiff's Complaint, where the Sixth Circuit has not recognized a private cause of action for alleged

violation of 15 U.S.C. § 1681s-2(b), and after Plaintiff clarified that the referenced statute is the only

basis for his claim against GMACM, this action may be decided as a matter of law and dismissed as

against GMACM.

**B.**    **Standards for Summary Judgment**

       Fed. R. Civ. P. 56(a) provides that a claimant may move for summary judgment in that

party's favor.  Courts properly grant summary judgment where the moving party establishes through

pleadings, depositions, answers to interrogatories, admissions and affidavits that "there is no genuine

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

*Mauro v. Borgess Medical Center*, 137 F.3d 398, 401 (6th Cir. 1998) (quoting Fed. R. Civ. P. 56(c)).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law."  Fed.R.Civ.P. 56(c).

       In response, the non-moving party is required to "set forth specific facts showing that there is

a genuine issue for trial."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250;

106 S. Ct. 2505; 91 L. Ed. 2d 202 (1986).  The non-moving party must identify specific facts,

supported by evidence, and may not rely on mere allegations complained in the pleadings.  *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561; 112 S. Ct. 2130; 119 L. Ed.2d 351 (1992).  Plaintiff may

not defeat GMACM's Motion by merely alleging the existence of issues of fact or by raising some doubt as to the existence of fact. *Lucas v. Leaseway Multi-Space Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990), aff'd 929 F.2d 701 (6th Cir. 1991).  Further, Plaintiff, as the party with the burden of proving his claims is "obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).  The inquiry central to the Court's decision is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-252.  "There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the [non-movants'] evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-250 (citations omitted).  See also *Celotex Corp. v. Catrett*, 477 U.S. 317; 106 S. Ct. 2548; 91 L. Ed.2d 265 (1986).

**C.**     **Standards for Joinder**

Pursuant to Rule 19(a)(1):  "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties or (B) . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Pursuant to subsection (a)(2), if the party whose joinder is required "has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made . . . a defendant."

Pursuant to Rule 20(a)(2), persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact, to all defendants will arise in the action."

**D.**     **Applicable Statute**

Under the FCRA, Plaintiff is a "consumer" and TransUnion is a "credit reporting agency." 15 U.S.C.A. § 1681a(c) and (p).  Plaintiff's pending action is against GMACM, alone, the "furnisher of information" (hereafter "furnisher") under the FCRA, specifically, 15 U.S.C.A. § 1681s-2(b),[2] which provides in pertinent part:

> **(b)(1)  Duties of furnishers of information upon notice of dispute.**  After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall-
>> (A)  conduct an investigation with respect to the disputed information;
>> (B)  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>> (C)  report the results of the investigation to the consumer reporting agency;
>> (D)  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>> (E)  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>>> i)  modify that item of information;
>>> ii)  delete that item of information; or

_Foster, Swift, Collins & Smith, P.C./Attorneys At Law_

---

[2] 15 U.S.C.A. §1681s-2, at subsections (a)(1)(A) and (B), also govern GMACM, as issuer, by prohibiting the reporting of information with actual knowledge of errors or reporting information after notice and confirmation of errors.  Without doubt, there is no private cause of action for violation of accuracy in reporting under § 1681s-2(a).  15 U.S.C.A. §§ 1681s-2(c), *Daniel v. Asset Acceptance L.L.C.*, 2007 WL 3124640 (E.D. Mich. 2007). Pursuant to 15 U.S.C.A. §§ 1681s-2(d), subsections s-2(a)(1)(A) and (B) shall be enforced exclusively by the Federal agencies and officials and the State officials identified in section 15 U.S.C.A. §1681s.

iii)  permanently block the reporting of that item of information.

**(b)(2) Deadline.**  A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

The credit reporting agency, here TransUnion, is instead governed by 15 U.S.C.A. § 1681i, pursuant to which TransUnion is required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30- day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."  15 U.S.C.A. § 1681i (a)(1)(A).

**E.**     **Discussion of Applicable Statute and Relevant Case Law**

The FCRA, at 15 U.S.C.A. § 1681s-2(b), provides that once the furnisher receives proper notice *from a credit reporting agency*, the furnisher has a duty to investigate the disputed information, review the information provided by the credit reporting agency, report investigation results to the credit reporting agency, report any inaccuracies found from the investigation to all other credit reporting agencies which the original incorrect information was reported, and, if the item disputed is found to be inaccurate, the item must then be modified, deleted, or permanently blocked from further reporting.

Although there is not a private cause of action for violations of § 1681s-2(a), which governs inaccuracy in reporting, some jurisdictions have determined there is a private cause of action for § 1681s-2(b), which governs the furnisher's duty to reinvestigate.  However, the Sixth Circuit has declined to decide whether a private cause of action exists for alleged § 1681s-2(b) violations.  In *Downs v. Clayton Homes*, *Inc.*, 88 Fed.Appx. 851 (C.A.6 2004), the consumer alleged the defendant

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

8

inaccurately furnished information that the consumer was late on his mortgage payments and in bankruptcy, causing incorrect information to be reported on his credit report. *Id.* at 853. The consumer sued the defendant for violation of the FCRA. The court reasoned that under the FCRA, furnishers of information have two obligations: first, provide accurate information, and second, upon proper notice of the dispute from a credit reporting agency conduct an investigation regarding information they have previously reported. *Id.* at 853. The court stated, "If it is *assumed* that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Id.* at 853-54 (emphasis added). Because the court held that the consumer failed to file a dispute with a credit reporting agency, which in turn failed to provide the proper notice to the furnisher to trigger the duty to investigate, the consumer could not state a claim for violation of the FCRA and the court declined to decide whether a private cause of action under § 1681s-2(b) exists. *Id.* at 854.

The Western District Court in Tennessee has held that there is not a private cause of action for § 1681s-2(b). In *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496 (W.D. Tenn. 1999), the consumer notified his credit card company that the consumer was a victim of credit card fraud. The consumer claimed that the credit card company failed to conduct a reasonable investigation and continued to report him as delinquent, and thereby violated § 1681i of the FCRA. *Id* at 499. The court found that the credit card company is not a consumer reporting agency but rather a "furnisher," therefore, § 1681s-2 should apply, not § 1681i. *Id.* at 500-01. The court reasoned that § 1681s-2 requires two duties of a furnisher: provide accurate information and conduct reasonable investigations upon proper notice of a dispute by a credit reporting agency. *Id.* at 501. Once proper notice of the dispute is received by the credit reporting agency, the furnisher has a duty to: "(1) investigate the disputed information; (2) review all the relevant information provided to it by the

consumer reporting agency; (3) report the results of its investigation to the agency; and (4) report the results to all other agencies to which the information was originally furnished if an inaccuracy or an incompleteness is discovered." *Id.* at 502. The court found that these duties are only triggered by the proper notice to the furnisher by the credit reporting agency. *Id.* Additionally, the court stated these duties are in place for the benefit of the credit reporting agency as they ultimately are the ones responsible to the consumer for the accuracy of reporting. *Id.* **The court held the furnisher's duty to investigate is to the credit reporting agency, not the consumer; therefore, a consumer does not have a private cause of action under § 1681s-2(b).** *Id* (emphasis added). Additionally, where the consumer failed to prove that a credit reporting agency notified the credit card company of the dispute, the duty to investigate was never properly triggered. *Id.*

Additionally, in *Abdrabboh v. Capitol One Bank,* 2006 WL 3004084 (E.D.Mich 2006), and *Defer v. World Fin. Network Nat'l Bank*, *infra*, this Court declined to decide whether there was a private cause of action under § 1681s-2(b). In *Abdrabboh*, a graduate student was issued a parking permit from the University of Toledo for on campus fundraising; however, the student was issued parking tickets which he unsuccessfully tried to dispute. *Id.* at 1. These unpaid tickets were reported to three credit reporting agencies. *Id.* The student contacted the credit reporting agencies to dispute the tickets, as well as the University Parking Enforcement Manager and the Chief of the University Police Department, all to no avail. *Id.* Additionally, the University sent the student a letter, which he gave to the police chief and parking manager, stating the parking ticket was an error. *Id.* at 9. The student brought a claim against the police chief and parking manager (among others) for violation of the FCRA, § 1681s-2(b). *Id.* at 9. The court reasoned that it lacked authority to know whether the police chief or parking manager are "users" or "furnishers" of information under § 1681s-2(b). *Id.* at 9. Additionally, the court stated that whether there is a private cause of action

under § 1681s-2(b) is split among the circuits. *Id.* The court cited *Downs*, *supra*, stating the court in *Downs* was "assuming, without deciding, that § 1681s-2(b) allows a private right of action." *Id.* However, the court declined to determine if there was a private cause of action or if the manager and police chief were "users" or "furnishers," and instead dismissed the case for lack of proper notice. *Id.* The court held that for proper notice to exist it must be received by the furnisher from the credit reporting agency within five days from the date the consumer reporting agency received notice of the dispute from the consumer. *Id.* at 9-10. The furnisher must then conduct an investigation of the disputed information, review all relevant information, report the results to the credit reporting agency, and, if an inaccuracy is found, report to all other consumer reporting agencies to whom the inaccurate statement was originally reported that they must modify, delete or permanently block the item from being reported further. *Id.* at 9-10. The court noted that the student contacted a credit reporting agency of his dispute, who in turn notified the University of Toledo. The student failed to prove that the manager and police chief were notified by the credit reporting agency. *Id.* at 10. The court dismissed the claims upon holding that a person's duties under § 1681s-2(b) are only triggered by notice from a credit reporting agency and notice from a consumer is not sufficient.

Knowledge of the dispute is not enough to satisfy notice and trigger the duty to investigate by the furnisher of information. In *Zager v. Deaton*, 2005 WL 2008432 (W.D. Tenn. 2005), a consumer hired a flooring store to install floors in her home, and the transaction was not reported correctly on her credit card. *Id.* at 1. The consumer ended up being charged an additional $9,000.00 above the $3,000 she actually owed. *Id.* The excess $9,000.000 was eventually cleared up through communications between the consumer and the retailer, however the retailer claimed the consumer never paid the remaining $3,000.00 she owed. *Id.* Therefore, the retailer reported her delinquent for the unpaid debt. *Id.* The consumer then brought this claim against the store for violation of the

11

FCRA. *Id.* The issue was whether the retailer's duty to investigate was triggered by proper notice from a credit reporting agency. The court, citing *Downs*, *supra*, stated that furnishers have a duty to investigate a dispute upon the triggering event of notice of the dispute from the credit reporting agency, not the consumer. *Id.* at 4. The court stated that the plaintiff has the burden of proof that the furnisher of information received proper notice from a credit reporting agency. *Id.* at 4. The court held that *without proper notice from a credit reporting agency the duty to investigate is not triggered*, regardless if the furnisher had actual knowledge of the dispute. *Id.* at 5.

Accordingly, even if the Sixth Circuit hereafter recognized a private cause of action for an alleged violation of § 1681s-2(b), the duty to investigate arises once the furnisher receives notice of the dispute from a credit reporting agency. Notice to the furnisher of the consumer's dispute must come from the consumer reporting agency. Knowledge of the dispute by the furnisher is not relevant, and does not trigger the duty to investigate, unless obtained from notice of the dispute from the credit reporting agency. While Plaintiff has produced a letter from the Schoeniths' attorney to TransUnion, without notice from TransUnion to GMACM the duty to investigate was not triggered, regardless if GMACM was aware of the dispute, and this action should be dismissed.

The statute's requirement of notice from the agency to the furnisher should not be dismissed as a mere formality. If GMACM, as the furnisher, could be held liable to the consumer, the manner in which the dispute was conveyed by TransUnion would not only trigger GMACM's duty to investigate, it would also define the scope of GMACM's inquiry. Without the benefit of the manner in which GMACM was notified of the dispute, no trier of fact could determine whether GMACM's resulting investigation was reasonable. The standard of reasonableness is one to be determined by the trier of fact. In *Defer v. World Fin. Network Nat'l Bank*, 2007 WL 3026091 (E.D. Mich. 2007), a husband was disputing a credit card that was opened and regularly used by his estranged wife. *Id.* at

1. According to the husband, his estranged wife fraudulently obtained his personal information to open the card in his name without his permission. *Id.* The husband notified the credit card company and credit reporting agencies as soon as he learned of the card. *Id.* He also filed a police report with the local police department regarding his identity theft. *Id.* After receiving notice, the credit card company began an investigation and requested a copy of the police report from the husband regarding the alleged identity theft. *Id.* at 2. When the husband did not send a copy of the police report, the credit card company closed the investigation and removed the "disputed" status from the account. *Id.* The husband brought suit claiming a violation of the FCRA by failing to conduct a reasonable investigation. *Id.* The court held that the reasonableness of the investigation is a question for the trier of fact. Moreover, the court noted that the parties did not raise the issue of whether there is a private cause of action under § 1681s-2(b), therefore, the court would not address this issue. *Id.*

In determining if the investigation was reasonable the cost of verifying the accuracy must be weighed against the potential harm of reporting inaccurate information. In *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492 (D. Md. 2004), a consumer rented a car from Enterprise and was injured in a resulting accident. *Id.* at 497. As a result, the consumer was responsible for $5,729.15 worth of damage. *Id.* Due to lack of payment, Enterprise sent the debt to Risk Management Alternatives ("RMA") to collect. *Id.* The consumer then received a report from RMA for $8,020.81. *Id.* RMA refused to adjust the amount, and they began to deduct two hundred dollars a month from the consumer's checking account. *Id.* at 498. After two years, RMA sent the consumer another letter and assigned him another account referencing the same bill to Enterprise. *Id.* The amount that was exactly owed was unclear to the court, but the amounts seemed to be double the original amount due. *Id.* The consumer challenged the debts with a credit reporting

13

agency on two occasions, the credit reporting agency contacted RMA who investigated and determined the amounts were correct. *Id.* at 498-99. The consumer brought a claim against RMA, who then removed all references to the debts from the consumer's account. *Id.* at 499. The consumer amended and continued his claim against RMA for several counts, one being a failure to conduct a reasonable investigation under the FCRA, § 1681s-2(b). The court stated that the statute does not specify the level of reasonableness required. *Id.* at 509. The court reasoned that the standard of reasonableness used should be similar to the one used for determining whether a credit reporting agency was reasonable in its investigation. *Id.* The court stated that the reasonableness standard the trier of fact should balance is "the cost of verifying the accuracy of the information versus the possible harm of reporting inaccurate information." *Id.* at 510 (quoting Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 432 (4th Cir. 2004)). The court reasoned there was a real issue of fact whether the investigation was reasonable, as RMA alleges the investigation was reasonable as the consumer only disputed the amounts not the existence of two accounts. *Id.* at 511.

No trier of fact could determine whether GMACM investigation was "reasonable" without the content of the dispute, as communicated by TransUnion to GMACM. Where nothing produced by Plaintiff demonstrates that GMACM was advised of a dispute by TransUnion pertaining to the timeliness of payments made prior to the Schoeniths' 2003 application for refinancing, Plaintiff's have not raised a genuine issue of material fact regarding the reasonableness or result of any investigation into pre-2003 payment records.

It is notable that GMACM's 2004 letter to Plaintiff, Exhibit D, specifically references corrections beginning in June of 2003 - which corresponds with the matters at issue in the prior action, that being the failed 2003 refinance, and makes no suggestion whatsoever to any request that GMACM correct or investigate any report that payments made prior to that date were late.

14

Likewise, the Complaint filed in the action does not allege that GMACM incorrectly posted payments in early 2002 or that it incorrectly reported that early 2002 payments were late.  Indeed, had Plaintiff believed that GMACM was erroneously reporting late 2002 payments prior to the dismissal of their prior action, Plaintiff would be foreclosed from filing suit to litigate a claim arising out of the same original account in the prior action.  To the extent that the Schoeniths believed that any reports of delinquency arising from the failed 2003 refinance, the period of time at issue is June 2003 (when Plaintiff contends the refinance should have closed) to April 2004 when the parties resolved the prior action by closing on a refinance.  Indeed, the Complaint, at ¶ 12, only asserts that delinquencies reported by GMACM *after June 19, 2003* are false.

## F.     Joinder of TransUnion

In the event that this action is not dismissed for the reasons stated above, TransUnion should be joined as a defendant.  If TransUnion had correctly reflected the information provided by GMACM through its 2004 Uniform Data Form, Plaintiff would not have complained of late payments reported on his GMACM account in 2006 and, therefore, there would be no alleged request to GMACM to investigate in 2006.  Further, had TransUnion responded to the letter issued by Plaintiff's counsel in April 2006 by simply reviewing TransUnion's own records, it would have or should have determined that TransUnion had failed to reflect in its records the substance of GMACM's 2004 Uniform Data Form and could have simply proceeded to update its records to reflect the information contained therein, which makes no reference to late payments, rather than, as Plaintiff alleges without proof, proceed to contact GMACM for further information.  Indeed, it was TransUnion which was required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30- day period

15

beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C.A. § 1681i (a)(1)(A).

Where Plaintiff's unexplained decision to file suit against GMACM, alone, could leave it, the only existing party, subject to the substantial risk of incurring an obligation as a result of TransUnion's report, actions or inactions, GMACM requests, under Rule 19(a)(2), that the Court order that TransUnion be joined as a party defendant.

**CONCLUSION**

The Sixth Circuit and the Eastern District Federal Court have declined to decide whether there is a private cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).  In the absence of direction from the Sixth Circuit or prior decisions of this Court, GMACM requests that the Court adopt the reasoning and holding of *Carney* and find that violation of § 1681s-2(b) cannot be enforced by a private cause of action filed by the consumer.  Additionally, the furnisher's duty to investigate, under § 1681s-2(b), is not triggered until the furnisher receives notice from a consumer reporting agency, and notice from the consumer or knowledge of the dispute is not sufficient to trigger the duty.  Pursuant to Fed. R. Civ. P. 56, this action should be dismissed where Plaintiff has not produced any notice of dispute from TransUnion to GMACM, and as a result Plaintiff cannot demonstrate that GMACM was subject to a duty imposed by § 1681s-2(b) and, therefore, cannot be found to violate the statute.  Indeed, where the statute requires that the furnisher investigate in a "reasonable manner" in response to a notice of dispute issued by the consumer reporting agency, there is no means of determining whether GMACM's ensuing investigation is "reasonable" where the trier of fact cannot know how TransUnion described the "dispute" to GMACM.  For these reasons, this action should be summarily decided by entry of judgment in favor of GMACM.  In the

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

alternative to such a judgment or dismissal, GMACM respectfully requests that the Court enter an

order requiring that TransUnion be joined and named as a defendant in this matter.

FOSTER, SWIFT, COLLINS & SMITH, P.C.


Dated: July 10, 2008                  By:  /s/ Deanna Swisher
                                          Deanna Swisher (P38341)
                                      Foster, Swift, Collins & Smith, P.C.
                                      313 S. Washington Square
                                      Lansing, MI 48933
                                      517-371-8136
                                      dswisher@fosterswift.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Adam G. Taub, Lyngklip & Taub Consumer Law Group, PLC, 24500 Northwestern Highway, Suite 206, Southfield, MI 48075.

                                      By:  /s/ Deanna Swisher
                                          Deanna Swisher (P38341)
                                      Foster, Swift, Collins & Smith, P.C.
                                      313 S. Washington Square
                                      Lansing, MI 48933
                                      517-371-8136
                                      dswisher@fosterswift.com

S:\136\GMAC-Mortgage\Schoenith (19840-00080)\Pleadings\Motion.Brief.sd.rev'd.doc

Foster, Swift, Collins & Smith, P.C./Attorneys At Law